IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JEREMY VANVALKENBURG,

        Plaintiff,

vs.

U.S MARSHALL,

        Defendant.

**8:25CV501**

**MEMORANDUM AND ORDER**

    This matter is before the Court on Plaintiff Jeremy VanValkenburg's Complaint filed on August 11, 2025. Filing No. 1. Plaintiff is a prisoner, is not represented by counsel, and proceeds in forma pauperis. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2) and 28 U.S.C § 1915A.

## I. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

    The Court is required to review in forma pauperis and prisoner complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).

    "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs

must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## II. SUMMARY OF COMPLAINT

Plaintiff sues the U.S. Marshal alleging that on March 14, 2025, a black Tahoe driven by an officer of the U.S. Marshals Service struck Plaintiff while he was riding his bicycle. The collision seriously injured Plaintiff. Plaintiff claims the collision violated his constitutional rights. He seeks $100,000,000 in punitive damages. Plaintiff was a pretrial detainee when his complaint was filed. He is now incarcerated in the Nebraska state prison system. Filing No. 1 at 4.

Plaintiff does not allege whether the collision occurred while the officers were pursuing him to secure his arrest. If so, depending on the facts, his substantive due process and/or Fourth Amendment rights may be implicated. *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 854 (1998). And under the facts

2

currently alleged, the vehicle driver, instead of or in addition to the U.S. Marshals Service, is the proper defendant. The U.S. Marshals Service is not vicariously liable for the alleged unconstitutional conduct of its deputies.

If the collision was due to a traffic accident unconnected to Plaintiff's arrest or detention, plaintiff must comply with the requirements of the Federal Tort Claims Act (FTCA), 28 U.S.C.A. §§ 1346, 2671-2680. Before suit may be filed under the FTCA, an administrative claim for the injuries must be filed. 28 U.S.C.A. § 2675. An administrative claim must be filed within two years after accrual of the claim. 28 U.S.C.A. § 2401(b). A claim generally accrues at the time the plaintiff knows of the injury and its cause. *United States v Kubrick*, 444 US 111 (1979). In a negligence action for injuries, the claim generally accrues at the time of injury.

In either case, as currently written, Plaintiff's complaint fails to state a claim upon which relief may be granted.

### III. CONCLUSION

The Court is required to dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint fails to state a claim upon which relief may be granted, but rather than dismissing the complaint at this time, Plaintiff will be afforded an opportunity to file an amended complaint.

Accordingly,

IT IS ORDERED

1. Plaintiff shall have until **December 18, 2025**, to file an amended complaint. The amended complaint replaces the initial complaint, so all of Plaintiff's allegations must be included in the amended complaint. If Plaintiff chooses to file an amended complaint, it must explain when, where, why, and

how the collision occurred, including who was driving the vehicle, if known. Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff.

2. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) in the event he files an amended complaint.

3. The Clerk of Court is directed to set a pro se case management deadline using the following text: "**December 18, 2025**: check for amended complaint."

4. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this Court. Plaintiff shall keep the Court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

Dated this 18th day of November, 2025.

> BY THE COURT:
>
> Cheryl R. Zwart
> United States Magistrate Judge